# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JENNIFER GAJEWSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br> vs.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>   Defendant. | Case No.: 17-cv-1049<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Jennifer Gajewski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, including clothing purchases.

5. Defendant GC Services Limited Partnership ("GCS") is a debt collection agency with its principal offices located at 6330 Gulfton, Houston, TX 77081.

6. GCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.  GCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. UCB is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8.  On or about June 25, 2017 mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Department Stores National Bank" ("DSNB"). A copy of this letter is attached to this Complaint as Exhibit A.

9.  The alleged debt referenced in Exhibit A was a credit card account, and the alleged debt was incurred for personal, family or household purposes, including purchases of clothing and other personal goods at Macy's.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Exhibit A was the first letter GCS sent to Plaintiff regarding this alleged debt.

12. Exhibit A includes the FDCPA debt validation notice. 15 U.S.C. § 1692g(a).

13. GCS' letter as a whole is confusing and misleading to the unsophisticated consumer.

14. Exhibit A states:

New Balance: $972.44
Minimum Payment Due: $972.44

15. Exhibit A also states:

This letter shows your minimum payment amount currently due. If you are making a payment, please send us your payment using the enclosed envelope, and, if paying by check, make your check payable to "Department Stores National Bank".

We are here to work with you to find a mutually agreeable solution. We invite you to contact us so that we can discuss your particular financial circumstances, as well as opportunities our client may have available for you. Please contact us at 866-804-3919 to discuss payment options that may be available to you on your account.

2

16.   Exhibit A, thus, informs the unsophisticated consumer that GCS is "here to work with [her] to find a mutually agreeable solution," while at the same time, stating that the minimum payment she may make is the entirety of the balance.

17.   Exhibit A is confusing to the unsophisticated consumer because there cannot be other opportunities available if the minimum payment is in the amount of the entire balance.

18.   Exhibit A also states:

*\* As of the date of this letter, you owe $972.44. Because of interest, late charges, and other charges that may vary from day to day, the amount owed on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.*

19.   Exhibit A, thus, informs the unsophisticated consumer that additional charges may be added after GCS receives payment of "the amount shown above."

20.   Exhibit A is confusing to the unsophisticated consumer. Because the "new balance" is equal to the "minimum payment due," it is unclear whether the minimum payment due is also subject to "interest, late charges, and other charges that may vary from day to day," in which case the unsophisticated consumer would not know whether the minimum payment at the time was $972.44 or some other amount.

21.   The "New Balance" and "Minimum Payment Due" amounts, read alongside the note that the "amount owed on the day you pay may be greater," render Exhibit A confusing to the unsophisticated consumer, who would not be able to determine, or would be confused as to, the actual minimum payment required.

22.   Moreover, the alleged debt here is an unsecured credit card account and, upon information and belief, GCS and DNSB would accept any payment of any amount at any time.

23.   Plaintiff was confused by Exhibit A.

24.   The unsophisticated consumer would be confused by Exhibit A.

3

25. Plaintiff had to spend time and money investigating <u>Exhibit A</u>, and the consequences of any potential responses to <u>Exhibit A</u>.

26. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibit A</u>.

## *The FDCPA*

27. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

29. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

30. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

31. 15 U.S.C. §1692g(a) requires:

> (a) Notice of debt; contents Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt

4

collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

32. 15 U.S.C. § 1692g(b) states, in part:

(b) **Disputed debts**
…
Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

33. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-

5

1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

34. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses"). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

## COUNT I – FDCPA

35. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

36. GCS represented the amount of the debt that GCS was attempting to collect in a confusing manner by failing to resolve the apparent contradiction between the minimum payment due being the entirety of the balance and the Plaintiff having other payment options available. Exhibit A.

6

37. The unsophisticated consumer would be confused as to whether GCS was authorized to approve a payment schedule that called for payments less than the "minimum payment due."

38. The unsophisticated consumer would also be confused as to whether the minimum payment due was subject to day-to-day increases as interest, late fees, and/or other charges accrued.

39. GCS' conduct violates 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692(f) and 1692g(a)(1).

## CLASS ALLEGATIONS

40. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent an initial collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes (d) between July 28, 2016 and July 28, 2017, inclusive, (e) that was not returned by the postal service.

41. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

42. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

43. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

44. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

46. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: July 31, 2017

        **ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com